[NOT FOR PUBLICATION-NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-2477

DAVID MICHAUD,

Plaintiff, Appellant,

v.

MICHAEL MCQUADE, ET AL.,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Joseph A. DiClerico, Jr., U.S. District Judge]

Before

Torruella, Chief Judge,
Bownes, Senior Circuit Judge,
and Lipez, Circuit Judge.

David Michaud on brief pro se.
Sean M. Perrin and Devine, Millimet & Branch on brief for appellees.

June 14, 2001

**Per Curiam**. Pro se appellant, David Michaud, objects to the district court's grant of summary judgment against him in his 42 U.S.C. § 1983 action against two police officers and their municipal employer. After careful review of the record, in particular the parties' summary judgment submissions, we conclude that his claims of error lack merit. We affirm, essentially for the reasons given by the district court in its Order dated October 31, 2000. We make only the following additional comment.

We see no need to determine whether the district court erroneously declined to consider certain claims on the ground that they had been dismissed pursuant to a prior order by a magistrate judge. As the record establishes, summary judgment on these claims in favor of defendants would have been warranted, in any event. There was no factual basis for the claim that defendants had violated Michaud's First Amendment rights when his then estranged wife, Linda Michaud, who was the custodial parent, sent him away from her father's residence without letting him visit his children on June 13, 1996. In an affidavit, Michaud informed the district court that his visitation hours on the day in question concluded at 5 p.m., and defendants'

-2-

affidavits establish that he arrived at his father-in-law's house at approximately 5:20 p.m. That is, the undisputed facts establish that Michaud had no right to visit with his children at the time in question.

In addition, there was no factual basis for the claim that defendants made false reports to an assistant state attorney general, thereby obtaining, without probable cause, his authorization to wiretap Michaud's telephone conversation with his wife on June 13, 1996. During discovery, defendants gave sworn responses to Michaud's interrogatories, stating unequivocally that they had never knowingly made false reports to the attorney general's office. In responding to defendants' interrogatories, Michaud declined to even identify the defendants' alleged falsehoods. Accordingly, summary judgment in defendants' favor was warranted.

<u>Affirmed.</u>